**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

NADINE PELLEGRINO AND
HARRY WALDMAN,                      :
                                    :
            Plaintiffs,             :   CIVIL ACTION
                                    :
        v.                          :   NO. 09-5505
                                    :
UNITED STATES OF AMERICA            :
TRANSPORTATION SECURITY             :
ADMINISTRATION, et. al.,            :
                                    :
            Defendants.             :

<u>**MEMORANDUM & ORDER**</u>

**JOYNER, J.**                                **AUGUST 11, 2014**

        Before the Court are Defendants' Motion for Reconsideration
(Doc. No. 178), and Plaintiff's Consolidated Motion for
Reconsideration and Opposition to Defendants' Motion for
Reconsideration Part I (Doc. No. 182) and Part II (Doc. No. 188),
as well as Plaintiff's Exhibits (Doc. Nos. 183, 184, 185, 186,
187) and Defendants' Response in Opposition to Plaintiff's Motion
for Reconsideration (Doc. No. 192). Also before the Court is
Plaintiff's Motion for Leave to File Under Seal Confidential
Information From Defendant Abdul-Malik's Video Deposition
Transcript (Doc. No. 191).

        For the reasons outlined in this Memorandum, it is hereby
ORDERED that Defendants' Motion for Reconsideration (Doc. No.
178) is GRANTED in part, Plaintiff's Motion for Reconsideration
(Doc. No. 182) is DENIED in part, and Plaintiff's Motion For
Leave to File (Doc. No. 191) is DENIED.

## II.   BACKGROUND

The parties request the Court to reconsider its Order on Defendants' Motion for Summary Judgment (Doc. No. 175). In that Order and accompanying Memorandum (Doc. No. 174), the Court based its evaluation on Defendants' Motion for Summary Judgment and accompanying exhibits (Doc. No. 156). Plaintiffs did not file a timely Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, despite receiving five extensions of time. (Doc. Nos. 160, 163, 166, 168, 170). After the last filing deadline had passed, Plaintiffs requested leave to file a few exhibits under seal (Doc. No. 173), which the Court granted, and considered these exhibits in its evaluation.

Defendants move the Court to reconsider the portion of its Order denying Defendants' claims of qualified immunity on Plaintiff's claims of retaliatory and malicious prosecution under the First and Fourth Amendments as to Defendants Abdul-Malik and Labbee.

Plaintiffs oppose Defendants' Motion, and also request the Court to reconsider the portion of its Order determining that probable cause existed for Plaintiff's arrest on charges of aggravated assault, possessing instruments of a crime, simple assault, and recklessly endangering another person. Plaintiffs also move to reinstate claims against TSO Denice Kissinger, TSA officials Scully and Eckl; claims under FOIA and the Privacy Act;

and Plaintiff's claims for failure to train, supervise, and control, and a claim for intentional infliction of emotional distress.

In their response, Defendants also request the Court to dismiss all of Plaintiffs' remaining claims, including Plaintiff's property damage claim, based on Plaintiff's willful disobedience of Court orders and noncompliance with Rule 26 disclosure obligations, and bring to the Court's attention the lack of evidence substantiating the alleged property damage.

Because the facts of the case are well known to the parties, the Court incorporates those facts here.

## III. STANDARD OF REVIEW

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)(internal citation omitted). An order may be altered or amended if the party seeking reconsideration shows at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Although "courts often take a dim view of issues raised for

the first time in post-judgment motions," reconsideration is the "appropriate means of bringing to the court's attention manifest errors of fact or law" and courts may not decline to consider issues fundamental to the case. Max's Seafood Café ex rel. Lou Ann-Inc. v. Quinteros, 176 F.3d 669, 678 (3d Cir. 1999)(internal citations omitted).

However, while a Court may consider "new evidence that was not available when the court granted the motion for summary judgment," Howard Hess Dental Laboratories, 602 F.3d at 251, "'new evidence', for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party *could not* earlier submit to the court because that evidence *was not previously available*." Id. at 252 (emphasis added)(citing De Long Corp. v. Raymond Int'l, Inc., 622 F.2d 1135, 1139-40 (3d Cir. 1980), *overruled on other grounds by* Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981)(*en banc*)). This standard applies equally to litigants who proceed pro se. See, e.g., Watson v. City of Philadelphia, Civ. A. 06-0883, 2006 WL 2818452 at *3 (E.D. Pa. Sept. 28, 2006).

Because Plaintiff and Defendants request reconsideration of the Court's summary judgment order, the Court incorporates the standards governing Federal Rule of Civil Procedure 56 here. Once a party seeking summary judgment has identified those portions of

4

the record which it believes demonstrates an absence of a genuine issue of material fact, the nonmoving party has the burden of going "beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Summary judgment may be opposed by any of the materials listed in Rule 56(c), except for the mere pleadings. Id. Additionally, "[w]hile it is certainly true that a party's statements may be evidence for the purposes of a motion for summary judgment if they are sworn statements such as declarations or affidavits," an unsworn statement of material facts cannot properly be considered as evidence in satisfying the non-moving party's burden. Geatti v. Min-SecCompanies, 3:12-cv-32, 2013 WL 5488720 at *3 (M.D. Pa. Sept. 30, 2013).

## IV.  ANALYSIS

Both parties have filed Motions for Reconsideration of the Court's April 16, 2014 Order. The Court will consider both Motions on their merits.[1] First, however, the Court addresses the evidence that it may properly consider in its analysis.

In addition to her Consolidated Motion, Plaintiff filed numerous exhibits, including but not limited to a statement of

---

[1] Plaintiff requested and received an extension to file her Consolidated Motion on or before May 28, 2014. (Doc. No. 181). Plaintiff filed her Motion on June 2, 2014. (Doc. Nos. 182, 183). The Court exercises its discretion to accept and consider this Motion.

material facts, deposition transcripts and videos, Incident
Reports, and hand-drawn and computer-processed layouts of
portions of the Philadelphia International Airport. <u>See</u> (Doc.
Nos. 182, 183, 184, 185, 186, 187). Plaintiff argues that the
"new facts that have not been known, addressed, or have been
addressed but not considered, or facts that recently came to
light" (Pl. Motion for Reconsideration, Doc. No. 182, at 3)
substantiate her claims and must be considered by the Court.

However, the Court is precluded as a matter of law from
considering this evidence at this late stage, and has no
discretion to do so. <u>Howard Hess Dental Laboratories</u>, 602 F.3d at
252; <u>Blystone v. Horn</u>, 664 F.3d 397, 416 (3d Cir.
2011)("[e]vidence that is not newly discovered . . . cannot
provide the basis for a successful motion for reconsideration.")
Plaintiff does not contend that the evidence she submits now was
unavailable to her prior to the Court's summary judgment Order,
nor does she argue that she was unable to submit it at that time.
Plaintiff does not explain when these purportedly new facts came
to light, does not state that they came to light *after* the
summary judgment stage, and what, if anything, prevented her from
submitting them with a timely motion at summary judgment. It
appears that Plaintiff is simply submitting at this stage the
evidence she obtained during discovery and failed to timely
submit earlier. Thus, the Court is prevented from considering

Plaintiff's exhibits or other additional evidence, <u>Howard Hess Dental Laboratories</u>, 602 F.3d at 252, Plaintiff's pro se status notwithstanding. <u>See</u>, <u>e.g.</u>, <u>Watson</u>, 2006 WL 2818452 at *3.

Thus, Plaintiff's Motion For Leave to File (Doc. No. 191) is denied because the Court may not consider evidence that is not newly-discovered.

Plaintiff also references "substantial documentation in [her] past pleadings," (Pl. Memo. of Law, Doc. No. 182-1 at 2-3), including her first complaint (Pl. Mot. for Recon. Doc. No. 182 at 3), that she believes support her claims. The Court has considered Plaintiff's submissions as they related to the numerous and often lengthy motions filed by the parties since this case commenced in 2009.[2] Once a moving party has informed "the district court of the basis for its motion" for summary judgment, <u>Celotex</u>, 477 U.S. at 323, the nonmoving party must identify specific facts showing there is a genuine issue for trial. <u>Id</u>. at 324. However, Plaintiff filed only a few untimely exhibits in response to Defendants' Motion for Summary Judgment. The Court considered these exhibits. Moreover, Plaintiff's complaint and unsworn statements of materials facts are not proper materials with which to oppose a motion for summary

---

[2] The Docket for this case contains over one hundred and ninety documents, many of which include exhibits. To oppose Defendants' Motion for Summary Judgment, Plaintiff had the responsibility of drawing the Court's attention to evidentiary materials which she believed created a genuine issue of material fact.

judgment. <u>Celotex</u>, 477 U.S. at 323-24; <u>Geatti</u>, 2013 WL 5488720 at *3. The Court thus confines its analysis to the evidence before it at summary judgment: Defendants' Motion for Summary Judgment exhibits (Doc. No. 156) and Plaintiffs' exhibits (Doc. No. 173) filed prior to the Court's Summary Judgment Order.

**A.   CLAIMS OF RETALIATORY AND MALICIOUS PROSECUTION**

The parties' motions focus primarily on Plaintiff's claims fo retaliatory prosecution under the First Amendment and malicious prosecution under the Fourth Amendment. Defendants argue that the Court should reconsider its previous Order because Plaintiff lacks evidence indicating that the individual defendants induced prosecution, and because the existence of probable cause as to a more serious charge permits summary judgment as to the lesser charge of terroristic threats. The Court agrees and addresses these arguments first.

**1.   Plaintiff's Evidence on Causation**

In both a retaliatory prosecution claim under the First Amendment and a malicious prosecution claim under the Fourth Amendment, a plaintiff must show that "the nonprosecuting official . . . induced the prosecutor to bring charges that would not have been initiated without his urging." <u>Hartman v. Moore</u>, 547 U.S. 250, 262 (2006); <u>Halsey v. Pfeiffer</u>, 750 F.3d 273, 296-97 (3d Cir. 2014)("if the officers influenced or participated in the decision to institute criminal proceedings, they can be

liable for malicious prosecution."); <u>see also</u> <u>Rehberg v. Paulk</u>, 611 F.3d 828, 850 (11th Cir. 2010) *aff'd*, 132 S. Ct. 1497 (2012)(a plaintiff "must show [defendant's] retaliation against [plaintiff] successfully induced the prosecution and was the but-for cause of the prosecution.")

Plaintiff produced no evidence at the summary judgment stage that would allow a reasonable jury to draw conclusions about the charging police officer's or prosecutor's basis for instituting criminal proceedings. Though Plaintiffs vehemently argue that the officers and prosecutor relied solely on false and malicious statements from Defendant TSOs in their decision, the evidence submitted at summary judgment was insufficient, when viewed in the light most favorable to Plaintiff, to support such a conclusion.

In <u>Halsey v. Pfeiffer</u>, the Third Circuit found that the plaintiff had adduced sufficient evidence showing that a false confession induced and supplemented by defendants "contributed to the prosecutor's decision" to charge the plaintiff. 750 F.3d at 279. In that case, the prosecutor testified that he sat outside of the interrogation room and relied on pages of the plaintiff's confession as they were slid under the door to him by defendant police officers. <u>Id</u>. at 298. At some point, after reviewing at least a few pages of the confession that defendants had drafted, the prosecutor believed that the evidence justified the

initiation of criminal proceedings against the plaintiff. Id. Thus, the Third Circuit found, a reasonable jury could find that the contents of the doctored confession encouraged the prosecutor to initiate prosecution. Id. at 299.

In the instant case, in contrast, the Court has before it no insight into the influence of Defendant TSOs' statements on the charging officer or prosecutor, nor whether and to what extent those statements infected their decision to proceed. Though Plaintiff submitted two Arrest Reports and Incident Reports (Doc. No. 173, Exs. 145A, 145 B, 194A, 194B), they did not, for example, submit depositions or other testimony of the arresting officer, charging officer, or prosecutor, or other evidence illuminating the import of Defendant TSOs' statements in the case against Plaintiff. Plaintiffs' two exhibits alone are insufficient to "suspend the presumption of regularity behind the charging decision." Hartman, 547 U.S. at 265. For this reason, the Court will not reconsider its grant of summary judgment on Plaintiff's retaliatory and malicious prosecution claims. Additionally, the Court determines that summary judgment should have been granted on Plaintiff's retaliatory/malicious prosecution claims based on all charges brought against her. See Peals v. Terre Haute Police Dept., 535 F.3d 621, 627 (7th Cir. 2008)("The record contains no evidence of . . . [defendant's] influencing the prosecutor's decision to charge [Plaintiff] . . .

The district court therefore properly granted summary judgment for the officers on this claim.")

**2.   Plaintiff's Evidence on Lack of Probable Cause**

To advance her claims, Plaintiff must also prove "an absence of probable cause supporting the prosecutor's decision to go forward." Hartman, 547 U.S. at 265; Halsey, 750 F.3d at 296-97.

i.   Plaintiff's Motion

Plaintiff did not submit evidence at summary judgment from which a reasonable juror could conclude that there was a lack of probable cause to arrest Plaintiff on charges of assault. While Plaintiff has submitted with her Motion for Reconsideration evidence that, she contends, severely undermines the credibility of the complaining TSOs and raises questions about the consistency and veracity of their accounts, and evidences the arresting officer's bias, the Court reiterates that it cannot consider this evidence at this juncture. Howard Hess Dental Laboratories, 602 F.3d at 252. The Court thus makes no determination on whether or not this evidence, if it had been timely filed, would have created a genuine issue of material fact precluding summary judgment. Cf. Wilson v. Russo, 212 F.3d 781, 790 (3d Cir. 2000)("substantial evidence of the witness's own unreliability that is known by the arresting officers could outweigh the identification such that probable cause would not exist.") Thus, the Court stands by its previous determination

11

that Plaintiff's evidence was insufficient for a juror to conclude that she was arrested without probable cause.

As for probable cause to initiate prosecution against Plaintiff subsequent to her arrest, Plaintiff's claim fails for the reason explained above - she has submitted nothing to the Court illuminating the facts available to the prosecutor "when he made his discretionary decision to initiate the proceedings" against Plaintiff. Halsey, 750 F.3d at 300. Thus, a jury could not conclude that the prosecutor initiated proceedings without probable cause.

The Court will, however, briefly address Plaintiff's contentions regarding inconsistency in Defendant Labbee's descriptions of the incident on various occasions, because Plaintiff has referred the Court to trial transcripts filed in March 2010 which the Court did not consider in its Summary Judgment Memorandum.[3] The March 28, 2009 transcript from Plaintiff's criminal trial, Commonwealth v. Nadine Pellegrino in the Municipal Court of Philadelphia (Doc. No. 9, Ex. 15), contains testimony from Defendant Labbee and TSO Kissinger. On direct examination, when asked "What, if anything, did [Nadine Pellegrino] do inside the room?", Labbee replied, "[t]here was no

---

[3] On March 16, 2010, Plaintiff filed a Motion to Extend Time for Discovery (Doc. No. 9) and appended Exhibits 11A-16 in hard copy. The Court has now retrieved these long-archived files and, because these exhibits were technically on the record prior to the summary judgment stage (even if they were not submitted at summary judgment), the Court has reviewed them for the purposes of adjudicating Plaintiff's Motion for Reconsideration.

12

physical contact inside of the room, if that's what you're
getting at." (Doc. No. 9, Ex. 15 at 9). In contrast, on direct
examination TSO Kissinger testified that Nadine Pellegrino
"stepped out of her way and hit [Labbee] with [her] bag," and
that this action took place "inside the private search area" when
Labbee was standing in the doorway holding the door open. Id. at
12. The Court then sustained an objection to this testimony. Id.
The Plaintiffs argue that Kissinger's criminal trial testimony
conflicts with Labbee's criminal trial testimony, Kissinger's
later deposition (Doc. No. 172, Pl. Ex. 157), and Kissinger's
initial report to the arresting officer.

The Court is not persuaded that this testimony creates a
genuine issue of material fact as to whether there was probable
cause to bring the charges of assault against Plaintiff. Viewing
the evidence in the light most favorable to Plaintiff, Defendant
Labbee's criminal trial testimony is in fact inconsistent with
trial testimony by TSO Kissinger (Doc. No. 9, Ex. 15 at 12) and
the arresting officer's report recording Labbee's initial version
of the same incident. (Doc. No. 172, Pl. Ex. 194A). However, this
inconsistent testimony – which occurred at trial - does not
illuminate probable cause supporting the arrest and charges,
which occurred well before trial. The Court will not reconsider
its ruling based on these previously-filed exhibits.

ii.  Defendants' Motion

Defendants argue that the fact that "there was probable cause to support the most serious charge against Plaintiff (felony aggravated assault) must insulate [the Defendants] from liability as to the lesser charge of terroristic threats as a matter of law." (Def. Motion for Reconsideration, Doc. No. 178 at 8). Defendants thus contend that the rule articulated in Wright v. City of Philadelphia, 409 F.3d 595, 604 (3d Cir. 2005) and not Johnson v. Knorr, 477 F.3d 75, 84-85 (3d Cir. 2007), is controlling given the facts in the instant case.

In Wright, an officer arrested Wright without a warrant for burglary, theft, and criminal trespass. Wright, 409 F.3d at 598. Upon review of the evidence, the Third Circuit concluded that probable cause existed for Wright's arrest for criminal trespass. Id. at 603. The existence of probable cause for Wright's arrest and prosecution for criminal trespass also disposed of her malicious prosecution claims with respect to all of the charges against her, including burglary, theft, and criminal mischief. Id. at 596, 604.

In contrast, in Johnson v. Knorr the Third Circuit held that, while Wright was still good law, "a defendant initiating criminal proceedings on multiple charges is not necessarily insulated in a malicious prosecution case merely because the prosecution of one of the charges was justified." Johnson, 477

14

F.3d at 85. The Court noted that Knorr's involvement in the arrest and initiation of criminal proceedings against Johnson was more extensive than simply issuing an affidavit of probable cause for his arrest, as it had been in Wright. Id. at 84. In Wright, "the circumstances leading to the arrest and prosecution were totally intertwined," whereas Knorr's conduct was "bifurcated" because he took steps to supply information to the detective after Johnson's arrest that led to Johnson's prosecution. Id. at 82 n. 9.

Quoting the Second Circuit's holding in Posr v. Doherty, 944 F.2d 91, 100 (2d Cir. 1991), the Third Circuit expressed concern in Johnson that "an officer with probable cause as to a lesser offense could tack on more serious, unfounded charges which would support a high bail or a lengthy detention, knowing that the probable cause on the lesser offense would insulate him from liability for malicious prosecution on the other offenses." Id. at 83. Additional unfounded charges are problematic because an individual charge for a more serious offense "is likely to have placed an additional burden on the plaintiff." Id. at 85.

The Third Circuit has noted that "considerable tension exists between our treatment of the probable cause element in Johnson and our treatment of that element in the earlier case of Wright v. City of Philadelphia . . . we recognize that the holdings of these two cases are difficult to reconcile." Kossler

v. Crisanti, 564 F.3d 181, 193-94 (3d Cir. 2009)(*en banc*). To grapple with this tension, district courts should be mindful that "the analysis of malicious prosecution claims involving multiple charges is a fact-intensive one" and courts should "determine which [case] provides the more appropriate framework to apply given a set of facts." Id. at 194. In a footnote, the *en banc* panel in Kossler noted that if Third Circuit cases are in conflict, the earlier is the controlling authority. 546 F.3d at 194 n.8. Thus, "if one of those two cases must control for purposes of analyzing the probable cause element, it would be Wright, not Johnson, that controls." Id.

Upon reconsideration of the facts animating Pellegrino's case and after review of Third Circuit and Pennsylvania district court caselaw, the Court concludes that Wright must control the outcome here. The evidence before the Court at the summary judgment stage suggests that TSOs Abdul-Malik and Labbee, similarly to the officer in Wright, merely issued statements to support Pellegrino's arrest. Their "involvement apparently ended at the time of arrest." Johnson, 477 F.3d at 84. The Court was presented with no evidence that they took further action, such as providing advice to the police or prosecutor subsequent to the arrest about which specific charges should be brought. Id.; see also Startzell v. City of Philadelphia, Pennsylvania, 533 F.3d 183, 204, 204 n.14 (3d Cir. 2008); Martin v. Anderson, Civ. A.

16

07-cv-2965, 2008 WL 4761734 at *7-8 (E.D. Pa. Oct. 29, 2008).
Moreover, Plaintiff did not provide sufficient evidence to show
that there was a lack of probable cause to support the more
serious charges, including aggravated assault, simple assault,
reckless endangerment, and possessing instruments of a crime. See
(Doc. No. 174 at 33-4). The issue of fact as to whether probable
cause existed for the lesser charge of making terroristic threats
does not, then, raise the concern that Defendants tacked on more
serious, unfounded charges knowing they would be insulated from
liability by probable cause as to the lesser charge. Cf Johnson,
477 F.3d at 83.

Thus, the Court concludes that the facts at hand do not
permit deviation from Wright's holding that probable cause to
arrest plaintiff for one offense will dispose of malicious
prosecution claims with respect to all of the charges against
her. See, e.g., Giordano v. Murano-Nix, Civ. A. 12-7034, 2014 WL
62459 at *7 n.11 (E.D. Pa. Jan. 8, 2014); Posey v. Swissvale
Borough, 2:12-cv-955, 2013 WL 989953 at *9-10 (W.D. Pa. Mar. 13,
2013).

Plaintiff failed to produce evidence to raise a genuine
issue of material fact regarding causation and probable cause to
prosecute. Thus, her claims for malicious and retaliatory
prosecution under the First and Fourth Amendments may not
proceed. Because Plaintiff has not shown that the conduct of each

individual defendant violated a statutory or constitutional right, the Court grants defendants' motion for summary judgment on the basis of qualified immunity for Defendants Abdul-Malik and Labbee. See George v. Rehiel, 738 F.3d 562, 572 (3d Cir. 2013)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

**B.   PLAINTIFF'S ARGUMENTS**

Plaintiff raises numerous issues regarding the Court's probable cause analysis. The Court addresses these in turn below.[4]

### 1.   Sufficiency of Investigation at Arrest

Plaintiff contends that the Court erred in determining that Pellegrino failed to adduce evidence sufficient to suggest that there was a lack of probable cause to arrest her for aggravated assault, possessing instruments of a crime, simple assault, and recklessly endangering another person. Plaintiff argues that the arresting officer (1) did not perform the obligatory, reasonable inquiry necessary to determine if probable cause existed to arrest Pellegrino; (2) included inaccurate information in his Incident Report; (3) deliberately ignored relevant information prior to the arrest by not interviewing all possible witnesses, including Pellegrino, or reviewing available surveillance videos, even though he had ample time to do so; (4) did not record in his

---

[4] Plaintiff's Memoranda of Law total over 250 pages. (Doc. Nos. 182, 188). The Court has exerted its best effort to crystallize and address her many arguments.

Incident Reports an allegation that Labbee was hit by
Pellegrino's shoes as Pellegrino tossed them out of the search
room, nor did he investigate this allegation, and thus could not
have used this allegation to form probable cause for the
underlying charges; (5) did not create photo or video evidence of
the TSOs' allegations of injuries; and (6) failed to use common
sense regarding Pellegrino's small physical stature when he
credited the TSOs' allegations of assault.

Contrary to Plaintiff's assertions, a police officer is "not
required to undertake an exhaustive investigation in order to
validate" his belief that probable cause exists. Merkle v. Upper
Dublin School Dist., 211 F.3d 782, 790 n. 8 (3d Cir. 2000). In
Merkle, the Third Circuit held that a police officer had probable
cause to arrest a teacher for theft based on the credible report
of one eyewitness who stated that the teacher was loading school
materials into her car and had expressed intent to donate them
because they were not needed. Id. at 790. Though Plaintiff
contends that the officer who arrested her had an obligation to
interview all available witnesses, review surveillance video,
assess her physical ability to have committed the alleged crimes,
and corroborate all witness statements with direct evidence, such
a thorough investigation is not required of an officer before he
makes an arrest. See Orsatti v. New Jersey State Police, 71 F.3d
480, 484 (3d Cir. 1995)("the district court should [] focus[] on

19

the information the officers had available to them, not on whether the information resulted from exemplary police work."); Livingston v. Allegheny County, 400 Fed. Appx. 659, 665 (3d Cir. 2010)(non-precedential)("the proper inquiry is whether 'the facts and circumstances *within the arresting officer's knowledge*' were sufficient to warrant a reasonable belief that the offense was committed.")(emphasis in original); Karkut v. Target Corp., 453 F.Supp. 2d 874, 884 (E.D. Pa. 2006)("[t]o establish probable cause for an arrest, the Third Circuit requires . . . obtaining the credible report of an eyewitness).[5] And while independent exculpatory evidence or substantial evidence of a witness's unreliability, if known to the arresting officer, may vitiate the probable cause established by a witness, Wilson, 212 F.3d at 790, Plaintiff did not adduce evidence that the arresting officer was aware of either when he arrested her.

## 2. Claims Dismissed at the Motion To Dismiss Stage May Not Be Reinstated, and New Claims May Not Be Asserted

On February 29, 2012, this Court granted in part and denied in part Defendants' Motion to Dismiss. (Doc. No. 78). In its accompanying Opinion (Doc. No. 77), the Court explained its reasoning for allowing the following claims to proceed: Plaintiff's claims for property damage, false

---

[5] The case cited by Plaintiff, Burns v. Pa. Dept. Of Corr., 642 F.3d 163 (3d Cir. 2011), is inapposite because it concerns the protections of procedural due process in a prison disciplinary hearing. It does not establish a general duty for law enforcement officers to review available video footage in order to establish probable cause to make an arrest.

arrest/imprisonment, malicious prosecution and civil conspiracy under the Federal Tort Claims Act against Defendant United States; <u>Bivens</u> claims for malicious prosecution and conspiracy to engage in malicious prosecution under the First and Fourth Amendments against Defendants TSOs Abdul-Malik and Labbee in their individual capacities; and Plaintiff's Claim Against Defendant U.S. Transportation Security Administration (TSA) for Failure to Comply with Request for Records Pursuant to the Freedom of Information Act (FOIA) and the Privacy Act. The Court dismissed all other potential claims by Plaintiff.

Plaintiff's current Motion for Reconsideration is not an appropriate or timely vehicle for reinstating claims that were dismissed in this Court's February 29, 2012 Order, nor for requesting leave to amend her complaint to assert additional claims. The Court will not consider arguments for reinstating those claims or for asserting new claims at this juncture.

As to Plaintiff's FOIA/Privacy Act Claim for unlawful withholding of records, Defendant TSA produced, pursuant to the Court's Order, a Vaughn Index in April 2012 indexing the documents withheld from Plaintiff and the exemptions justifying withholding. (Doc. No. 89). The TSA also submitted a Declaration from Kevin J. Janet, Attorney-Advisor for the Office for Chief Counsel, explaining which exemptions the TSA believes to justify withholding of the outstanding records. Id. The Court found

Plaintiff's request to file objections to the Index to be premature at the time. (Doc. No. 93). Since production of the Vaughn Index, neither party had addressed the FOIA claim until Plaintiff's Motion for Reconsideration. Moreover, Plaintiff's Motion does not address Defendant TSA's legal basis for withholding the records it has not released, stating that "some of the exemptions claimed by the TSA FOIA Office make little to no logical sense that we will not go into at this time because this issue is quite complicated for 90 separate pages." (Doc. No. 188 at 123).

In FOIA cases, the agency carries the burden of justifying the nondisclosure pursuant to an exemption. Coastal States Gas Corp. v. Department of Energy, 644 F.2d 969, 974 (3d Cir. 1981). "Affidavits are the means through which a government agency . . . justifies nondisclosure under each exemption upon which it relied . . . ." Manchester v. Drug Enforcement Admin., U.S. Dept. Of Justice, 823 F.Supp. 1259, 1265 (E.D. Pa. 1993)(internal citation omitted). If the affidavits are detailed, nonconclusory, and submitted in good faith, their veracity in explaining reasons for nondisclosure should not be questioned. Id. (internal citations omitted).

The Court will now grant Plaintiffs[6] leave to submit a

---

[6] The Court determined in its February 27, 2012 Order that, if Mr. Waldman's name appears alongside Ms. Pellegrino's on the requests for records submitted to the TSA, they both have standing to pursue the FOIA claim. However, only Ms. Pellegrino has standing to pursue a claim under the Privacy

Memorandum of Law outlining their position regarding Defendant TSA's withholding of records pursuant to the exemptions listed in 5 U.S.C. § 552(b)(5), § 552(b)(2), and § 552(b)(6). <u>See</u> (Doc. No. 89). Defendants are granted leave to reply to Plaintiff's Memorandum, after which the Court will make a determination on Plaintiffs' claims.[7] However, the Court notes that it will address only Plaintiff's May 28, 2009 FOIA request,[8] which resulted in the withholding of 90 pages of documents by Defendant TSA. <u>See</u> (Doc. No. 77 at 38).

To the extent that Plaintiff's Motion for Reconsideration requests the Court's assistance in resolving a FOIA claim initiated on April 13, 2012[9] or at any point after May 28, 2009, however, the Court cannot consider this new claim at the present juncture.

### 3.   Other Arguments

Plaintiff's contention that Defendant TSA intentionally

---

Act. (Doc. No. 77 at 38 n. 23).

[7] The Court may choose to perform an in camera inspection of the documents at issue, if it deems such an inspection necessary. <u>Manchester</u>, 823 F. Supp. at 1265.

[8] The parties agree that, on this date, Plaintiff Nadine Pellegrino submitted a FOIA request to Defendants TSA. (Doc. No. 188 at 115; Doc. No. 89 at 2 ¶ 4).

[9] In her Memorandum, Plaintiff details the chronology of her efforts surrounding a FOIA request labeled #TS-12-0497. (Doc. No. 188 at 116). It is not clear to the Court if Plaintiff invites the Court to address this request. To the extent that she does, the Court notes that it will limit its review and determination to the 90 pages withheld by Defendant TSA from Plaintiff's 2009 FOIA request.

destroyed "exculpatory and impeachment evidences [sic] . . . to shield themselves from criminal and civil liabilities and then tell their crimes victims 'you can't prove their [sic] was no probable cause'" (Doc. No. 188 at 22) also provides the Court with no basis to rule for Plaintiffs in the present posture. The issue of the existence and production of any video surveillance recordings of the July 29, 2006 incident was raised and ruled upon in Plaintiff's criminal trial; in addressing the malicious and retaliatory prosecution claims in the civil trial at hand, the Court may not speculate on the possible consequences had the video not been destroyed.

Additionally, Plaintiffs contend that it is "fundamentally unfair to both airline passengers and the population as a whole" (Pl. Memorandum, Doc. No. 182-1 at 42) that the arresting officer's classification of the TSOs as "other law enforcement agency officers" in his arrest report contributed to Pellegrino's arrest on the charge of aggravated assault,[10] yet this Court later determined that TSOs are immunized from suit under the Federal Tort Claims Act because they do not fall into the law enforcement proviso in 28 U.S.C. § 2680(h). See (Doc. No. 174 at 10-18).

---

[10] Aggravated assault is defined in relevant part as "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life" or "attempts to cause or . . . causes bodily injury to . . . A Federal law enforcement official." 18 Pa. C.S.A. § 2702.

The arresting officer's belief that TSOs are law enforcement officials within the meaning of Pennsylvania statute 18 Pa. C.S.A. § 2702 is legally distinct from whether TSOs qualify as law enforcement officers subject to suit under federal law pursuant to 28 U.S.C. §2680(h). Assuming that the arresting officer was mistaken in thinking that the TSOs were federal law enforcement officials under 18 Pa. C.S.A. § 2702,[11] the relevant inquiry is whether his mistake was reasonable in light of the circumstances. Maples v. City of Atlantic City, Civ. 06-2200, 2008 WL 2446825 at *3-4 (D.N. J. June 16, 2008)(quoting Illinois v. Rodriguez, 497 U.S. 177, 186 (1990)("because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusions of probability"); Cambist Films, Inc. v. Duggan, 475 F.2d 887, 889 (3d Cir. 1973)). If the mistake was reasonable, it will not vitiate the probable cause determination. Maples, 2008 WL 2446825 at *4.

The Court finds that any mistake made by the arresting officer in believing that the TSOs were law enforcement as opposed to civilian federal officers was reasonable, given the Transportation Security Officers' federal employ, job title, and

---

[11] The Court makes no determination on whether the arresting officer was correct or mistaken in this belief.

search and screening duties at the Philadelphia International Airport. Additionally, as the Court's analysis suggested, the law is not settled as to whether TSA screeners fall under the law enforcement proviso of the FTCA, and the Third Circuit has not ruled on the issue. <u>See</u> (Doc. No. 174 at 10-18). It would certainly be reasonable for the arresting officer not to be abreast of all developments in this area of the law. Any mistake on the officer's part does not create a lack of probable cause for Pellegrino's arrest.

## C.   **PROPERTY DAMAGE CLAIM**

Defendants note that Plaintiff has not provided any evidence to substantiate her allegations of property damage and such evidentiary deficiency requires dismissal of the claim. In their Motion for Summary Judgment (Doc. No. 156), Defendants addressed Plaintiff's property damage claim in a footnote, arguing that any property damage "arises from" the underlying intentional torts in the action, and the claim is thus barred by 28 U.S.C. § 2680(h). The Court ruled that the property damage claim did not "arise from" the intentional torts of malicious/retaliatory prosecution. (Doc. No. 174 at 17-18).

The Defendants did not at summary judgment directly raise the issue of the sufficiency of Plaintiff's evidence as a basis for dismissing Plaintiff's claims. In their Response to Plaintiff's Motion for Reconsideration, Defendants assert that

26

Plaintiff has not produced any evidence of property damage aside from her own testimony that such damage occurred, and that "Defendants cannot prepare a meaningful defense at trial if Plaintiff cannot be trusted to produce the evidence on which she intends to rely in a timely fashion." (Doc. No. 192 at 16). Indeed, the Court notes that in her deposition, Plaintiff Pellegrino states that she sustained damage to various items, including a Louis Vuitton snap closure change purse, a fourteen carat white gold mesh bracelet, and a fourteen carat white gold mesh Y necklace. (Doc. No. 156, Ex. A, at 165-167). However, when asked by opposing counsel about the value of the items, she repeatedly asserts that she is "looking into trying to get a figure on that," "it's in the works," and "cannot give [] an exact figure because [she'd] have to have somebody provide a professional estimation on that." Id.

Defendants' argument that they will be prejudiced at trial due to Plaintiff's failure to disclose evidence is not a proper subject for reconsideration of the Court's previous determination, for it does not seek to correct a manifest error of law or fact, rely on new evidence or a change in controlling law, or seek to correct manifest injustice. See Howard Hess Dental Laboratories Inc., 602 F.3d at 251. However, the Court's ruling does not disturb other remedies, such as a motion in limine, available to Defendants.

Defendants also request the Court to dismiss the entirety of Plaintiff's case, including her property damage claim, due to Plaintiff's "contumacious disregard for deadlines and orders," as well as her continued failure to provide initial disclosures pursuant to Federal Rule of Civil Procedure 26. (Doc. No. 192 at 13-15). Dismissals with prejudice are drastic sanctions, to be reserved for extreme cases "where there is a clear record of delay or contumacious conduct by the plaintiff." Poulis, 747 F.2d at 866-67. Though Plaintiff has routinely failed to make timely filings, the Court will not exercise its discretion to dismiss her claims on this basis at this time.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED that Plaintiff's Motion for Reconsideration is DENIED in part. Defendants' Motion for Reconsideration is GRANTED in part. Plaintiff's Motion for Leave To File is DENIED. An Order follows.